UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DEREK BOYD,                                                  )
                                                            )
                    Plaintiff,                              )
                                                            )
          v.                                                )    No. 1:25-cv-02094-JRO-MJD
                                                            )
MADISON COUNTY COUNCIL, in their                            )
individual and official capacities,                         )
MADISON COUNTY PROSECUTOR'S                                 )
OFFICE, in its individual and official                      )
capacities,                                                 )
ELWOOD POLICE OFFICERS, in their                            )
individual and official capacities,                         )
MADISON COUNTY PROSECUTORS                                  )
OFFICE, in their individual and official                    )
capacities,                                                 )
CITY OF ELWOOD – MAYOR, in his                              )
individual and official capacities,                         )
ELWOOD CHIEF OF POLICE, in his                              )
individual and official capacity,                           )
                                                            )
                    Defendants.                             )

**ORDER GRANTING MOTION TO AMEND COMPLAINT,
SCREENING AMENDED COMPLAINT, SEVERING CLAIMS, AND
DIRECTING FURTHER PROCEEDINGS**

Plaintiff Derek Boyd is a prisoner currently incarcerated at Branchville

Correctional Facility ("Branchville"). Boyd filed this civil action in Perry Superior

Court in Perry County, Indiana, on September 22, 2025. Dkt. 1-2. Defendants

City of Elwood - Mayor (the "Mayor") and Elwood Chief of Police removed that

case, *Boyd v. City of Elwood*, No. 62C01-2509-CT-000565, to this Court. No

other defendants had yet appeared. Boyd has since filed a motion for leave to

amend his complaint. The motion, dkt. [27], is **GRANTED.** Because Boyd is

incarcerated and has sued government officials, the Court "assess[es] whether

1

joinder is proper under Rule 20 before considering the merits" of the claims, as required by 28 U.S.C. § 1915A. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022).

## I. THE AMENDED COMPLAINT

Boyd names nine defendants and alleges various constitutional violations and tortious conduct in his amended complaint. Generally, he alleges that he owned a duplex in Elwood, Indiana, with two addresses: 1812 South G Street, and 1812½ South G Street. He lived in one of the units. On August 6, 2024, a search warrant was executed at the duplex which had a discrepancy related to these addresses. The search warrant resulted in criminal charges and a guilty plea. He pursues 42 U.S.C. § 1983 and state law tort claims against:

- Marcus Shoppell, the Elwood Chief of Police, Tyler Irwin, and the Madison County Prosecutor's Office for the address discrepancy in the search warrant;

- the Madison County Prosecutor's Office and Rodney Cummings for coercing his guilty plea; and

- the Madison County Council, the Mayor, the Madison County Prosecutor's Office, the Elwood Ordinance Violation Office, and the Madison County Board of Commissioners for a bevy of alleged policies related to the two aforementioned allegations.

## II. DISCUSSION AND SEVERANCE OF CLAIMS

District courts are encouraged to review complaints to ensure that plaintiffs do not "toss[] into a single complaint a mishmash of unrelated allegations against unrelated defendants." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) ("[T]he district court should have rejected [plaintiff's] attempt to sue 20

2

defendants in a single lawsuit raising claims unique to some but not all of them." (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); and *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007))).   A plaintiff is not permitted to treat a single federal complaint as a general list of grievances.  *See Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act]'s fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").

Federal Rules of Civil Procedure 18 and 20 guide the Court's analysis. Rule 20 permits a plaintiff to join defendants in a single action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  "[M]ere overlap between defendants is not enough."  *Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020).

Once Rule 20 is satisfied, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a); *see UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (court must apply Rule 20 before Rule 18).  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Boyd's amended complaint cannot proceed as currently presented. The amended complaint violates Rule 20, as it advances unrelated claims against separate defendants based on separate events. While he alleges, in conclusory fashion, a grand conspiracy to be afoot, and while his factual allegations provide a coherent narrative, the resulting claims do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). There is no common question of law or fact that ties together the claims about the search warrant and the claims about the coerced plea. Fed. R. Civ. P. 20(a)(2)(B).

## IV. DISMISSAL AND DEADLINE FOR FURTHER AMENDMENT

Boyd's motion for leave to amend his complaint, dkt. [27], is **GRANTED.** The first amended complaint, dkt. 27-1, does not describe any single transaction, occurrence, or series of transactions or occurrences involving all nine defendants. Nor does it raise any question of fact or law common to all nine defendants. Therefore, Boyd's claims against these nine defendants may not be joined into a single lawsuit.

Where a plaintiff has filed a complaint that violates Rule 20, the Seventh Circuit has suggested that the best approach is to explain the problem, dismiss the complaint without prejudice, and provide leave to amend. *Dorsey*, 55 F.4th at 1107 ("We suggest a district court faced with misjoined claims begin . . . by

4

striking the complaint, explaining the misjoinder, and giving the plaintiff at least one chance to fix the problem."). The Court will follow this approach here.

Accordingly, the first amended complaint is **DISMISSED** for failure to comply with Rule 20. Boyd shall have **through May 18, 2026,** to file a second amended complaint that complies with Rule 20 by alleging only those claims that arise out of "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Boyd may then file separate lawsuits about any other claims if he wishes. *See Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue—or not to sue"). If Boyd files a second amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no second amended complaint is filed, this action may be dismissed without further notice or opportunity to show cause.

The second amended complaint should have the proper case number, 1:25-cv-02094-JRO-MJD, and the words "Second Amended Complaint" on the first page. The second amended complaint will completely replace the first amended complaint. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim,

and factual allegation Boyd wishes to pursue in this action, within the requirements of Rule 20, as discussed above.

The second amended complaint must: (1) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief sufficient to provide the defendant with fair notice of the claim and its basis; (2) include a demand for the relief sought; and (3) identify what injury he claims to have suffered and what persons are responsible for each such injury. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with Boyd's copy of this Order, **which he must use** if he files a second amended complaint. *See* S.D. Ind. L.R. 8-1 (requiring *pro se* plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

The Court acknowledges receipt of defendants Elwood Chief of Police and Mayor's Notice of the Motion to Consolidate in *Boyd v. Elwood Police Office et al.*, No. 1:25-cv-02093-MPB-MKK. Consolidation will not be appropriate until the claims proceeding in both matters are determined.

**SO ORDERED.**

Date: 4/21/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

6

Distribution:

DEREK BOYD
273507
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com